## PEABODY, COLLECTOR, *v.* STARK.

1. In the absence of a clear, common conviction on the part of all the members of the court as to the meaning of a direction relating to distillers in one of the internal revenue acts, the court—not holding such construction as in general obligatory on it—expressed itself content to adopt, and did adopt accordingly, what was shown to have been the unvarying practical construction given to the direction by the office of the Commissioner of Internal Revenue from the time that the act went into effect; such construction being obviously fair to both the distiller and the government.
2. Held accordingly, that under the 80 per cent. clause in the 20th section of the act of July 20th, 1868, the distiller is not liable until a survey in which the tax is assessed has been delivered to him as provided in the 10th section.

ERROR to the Circuit Court for the Middle District of Tennessee.

Stark brought an action in the court just named against Peabody, collector of internal revenue, to recover back as illegal a tax. The tax complained of as illegal was a reassessment upon the plaintiff as a distiller, in which he was assessed to the amount of 80 per cent. of the producing capacity of his distillery (in pursuance of section 20 of the Internal Revenue Act of July 20th, 1868),* though he had not actually made that amount of spirits, and notwithstanding the fact that no copy of the survey of his distillery fixing its producing capacity had been filed with him, or delivered to him, as required by section 10 of that same act.

The section of the internal revenue law thus last referred to requires assessors to make, or cause to be made, surveys of all distilleries registered or intended to be registered, and

---

* 15 Stat. at Large, 129.

to estimate and determine their true producing capacity, a written report whereof shall be made in triplicate, signed by the assessor, *one copy of which shall be furnished to the distiller,* one retained by the assessor, and the other immediately transmitted to the Commissioner of Internal Revenue. It also provides that the commissioner may at any time order a resurvey, the report of which shall be executed in triplicate *and deposited as before provided.*

On the trial the plaintiffs introduced evidence to show that 400 gallons of spirits not reported by them were lost by leakage, and by being burnt, &c.

The district attorney introduced evidence tending to show that, although the distillers were not furnished with the certified copy of either survey, yet they had actual notice of both.

The judge instructed the jury—

" That if a copy of the survey of the distillery was not delivered to the distillers according to the requirements of section 10 of said act, that they would not be bound by the survey, notwithstanding they might in fact know what the results of it were, and that in this event the government could only exact the tax upon the actual amount of spirits produced, including the 400 gallons destroyed, as aforesaid; to which ruling the United States district attorney then and there excepted."

*Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, in behalf of the Commissioner of Internal Revenue,* who on an affirmance of the judgment would under existing statutes have to pay the amount of it:

The object in providing that the distiller shall have a copy of the report sent to him is in order that if it is erroneous in any respect he may call the attention of the assessor to it, and, if need be, have the distillery resurveyed and the error corrected. But it was never meant to be made a condition essential in order to fix the rights of the government to the 80 per cent. duties given by section 20 of the act; or otherwise than as a matter directory. If the distiller have actual notice, in any way, of the number of gallons at which the

capacity of his distillery has been fixed by a survey, this is enough. The giving him a copy of the report of the survey is but one mode of giving him notice at what rate he has been rated. The proof in this case tended to show that he had actual notice of the result of both surveys, though no copies of either were delivered to him.

*Messrs. Blair, Dick, Shackelford, and Helm, contra*, contended that when a statute commands an act to be done in a certain way, or upon certain terms, or gives a new proceeding, or prescribes the manner and form of this proceeding, the manner and form so prescribed by the statute are not merely directory, but are *an essential condition* of a right of recovery; and that nothing can dispense with the mandate of the statute.

They also produced a letter from Mr. Josiah Given, deputy commissioner in the office of Internal Revenue, in the Treasury Department, dated July 31st, 1870, in reply to a request of one of the above-named counsel for a copy of the rulings of that office as to the date at which surveys of distilleries take effect. This letter stated—

"That under the 10th section of the act of July 20th, 1868, it has been uniformly held that the distiller is not bound by the survey until a copy of the report thereof, executed as required by said section, is delivered to him, and that assessments must, therefore, be made upon the basis of the survey last delivered to the distiller prior to the period for which the assessment is being made."

Mr. Justice MILLER delivered the opinion of the court.

The question whether a duty imposed by statute upon a ministerial or executive officer, the performance or non-performance of which affects the rights of others, is merely directory to the officer and only confers on parties injured a right of action against the officer, or on the other hand, is a condition essential to fix the rights of other parties as between themselves, is a very common, but often a very difficult one to decide.

Its decision depends mainly upon a consideration of the nature of the duty thus imposed in its relation to the rights of parties to be affected, but often also upon the proper construction of the language employed in the statute as being chiefly directed to the officer, or as declaratory of a principle governing the rights of parties.

Looking to the statute before us in the former aspect, the duty of depositing the copy of the survey with the distiller, is not in terms imposed upon the assessor, or the Commissioner of Internal Revenue; though the direction that this shall be done is made emphatic by being repeated as to the additional survey, if one shall be made. And while it is a fair inference that it was the duty of the assessor to deposit the copy with the distiller, it was so far an act which could be legally performed by another, that we do not doubt it would have been valid if performed by the commissioner or an agent of his, the survey being duly certified. It can hardly be said, then, that the statute is exclusively directed to the assessor.

The purpose of the requirement of delivering a copy to the distiller, which is manifestly to make certain to him that he will be held liable for a definite number of gallons, at all events, whether his distillery makes it or not, affords an argument of weight, that until he has this official information, a rule so harsh was not to be applied to him.

On the other hand, it is said that this special provision was only intended to secure one mode by which the assessed capacity of his distillery should come to the knowledge of the distiller, and if he is correctly informed from any other source of the number of gallons per day at which that capacity has been fixed by a legal survey, it is all that is necessary to govern his action.

In the absence of a clear conviction on the part of the members of the court on either side of the proposition in which all can freely unite, we incline to adopt the uniform ruling of the office of the internal revenue commissioner, holding that the distiller is not liable under the eighty per cent. clause, until a copy of the survey in which the tax is

assessed has been delivered to him as provided in section ten. It is made to appear to us in a very satisfactory manner that such has been the unvarying rule of that office since the act went into effect, and while we do not hold such ruling as in general obligatory upon us, we are content to adopt it in this case for the reason already mentioned, as well as for its obvious fairness to the government and to the distiller.

JUDGMENT AFFIRMED.