## WRIGHT & Others *v.* UNITED STATES.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF TENNESSEE.

Decided April 16th, 1883.

*Internal Revenue—Statutes.*

When an indorsement is made upon a distiller's bond, "We hereby accept the within survey and consider the same as binding upon us on and after this date," which is signed by the obligees in the bond, the parties thereby waive the delivery of a copy of the survey, and the difference between the capacity of the still and the returns of production may be recovered in a suit on the bond.

Suit upon a distiller's bond to recover internal revenue tax.

*Mr. R. McP. Smith,* for plaintiff in error.
*Mr. Assistant Attorney-General Maury* for United States.

Mr. Chief Justice Waite delivered the opinion of the court.

This was an action on a distiller's bond, to recover the difference between taxes assessed according to the producing capacity of the distillery and those calculated on the reports of production. The defence was that a copy of the official survey had not been served on the distillers. Section 3264 of the Revised Statutes provides for a survey of the distillery by the collector and a written report thereof in triplicate, "of which one copy shall be delivered to the distiller, one copy shall be re-

tained by the collector, and one copy shall be transmitted to the commissioner of internal revenue, and the survey shall take effect upon the delivery of such copy to the distiller." In *Peabody* v. *Stark*, 16 Wall. 240, it was held, following the rulings of the commissioner of internal revenue, that the distiller was not liable for the capacity tax until a copy of the survey had been delivered to him.

In the present case it appeared that no copy of the survey had ever been delivered to the distillers, but when the bond sued on was executed the distillers signed the following indorsement, written on the report of the survey which had been made: "We hereby accept the within survey, and consider the same as binding upon us on and after this date, September 12th, 1873.   John B. Wright.   Thomas Tucker." The court below decided that this indorsement was in law a waiver of a delivery of a copy of the report to the distillers, and that the tax was consequently collectible. To this we agree. The language of the act is that "the survey shall take effect upon the delivery of such copy to the distiller." This is equivalent to saying that the survey shall be binding on the distiller when the copy is delivered to him. When, therefore, the distiller in this case accepted the survey and stipulated that it was binding on him, he in effect said that he would consider the survey as having effect without the formal delivery of a copy. This he might do.

*The judgment is affirmed.*